# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ANANTH JASTY**

     **Plaintiff,**                   **Case No.:  6:19-cv-01706-CEM-DCI**

**v.**

**MURALI JASTY,**

     **Defendant.**

**_____/**

## DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

**COMES NOW**, Defendant, Murial Jasty, pursuant to *Rule 12(b), Federal Rules of Civil Procedure*, by and through his undersigned trial counsel and files his Motion to Dismiss Plaintiff, Ananth Jasty's First Amended Complaint filed on October 31, 2019[1], as Ananth Jasty's First Amended Complaint fails to state a claim upon which relief may be granted against Murial Jasty and shows the Court as follows:

### Introduction

In his 8 count complaint and demand for injunctive relief, Plaintiff, Ananth Jasty sets forth, in part, allegations of entitlement to money from his deceased grandfather, Venkatanarayana Jasty's accounts demanding immediate payment.[2]

Defendant, Murali Jasty, the son of Venkatanarayana Jasty and personal representative of

---

[1]Document #20.

[2]*See generally*, Document #20.

his estate.[3]

Ananth Jasty complains of substandard medical treatment received during Venkatanarayana Jasty's final years[4], Murali Jasty drinking alcohol [more than 2 decades ago][5] as well as issues involving his medical license[6], coercion[7], and a demand letter received from Attorney Robert Elton.[8]

Defendants, Murial Jasty, now moves to dismiss Ananth Jasty's complaint and demand for injunctive relief as he fails to state a claim upon which relief can be granted. Specifically, Ananth Jasty fails to satisfy the pleading requirements in order to state valid claims.

Further, the Complaint is subject to dismissal to the extent it seeks to recover money from Venkatanarayana Jasty's estate which appears to be subjects for a probate action.

Murial Jasty respectfully requests this Court enter an Order granting his Motion to Dismiss Ananth Jasty's First Amended Complaint dismissing the claims against him.

## MEMORANDUM OF LAW AND ANALYSIS

### Legal Argument and Authority

A. *Motion to Dismiss Standard*

*Rule 8, Federal Rules of Civil Procedure,* requires a plaintiff to plead "a short and plain

---

[3]Document #20, p. 29, ¶ 175.

[4]Document #20, p. 9-10, ¶ 41-45.

[5]Document #20, p. 5, ¶ 22.

[6]Document #20, p. 5, ¶ 24.

[7]Document #20, p. 12-13, ¶ 64-70.

[8]Document #20, p. 21-23, ¶ 118-130.

statement of the claim showing that the pleader is entitled to relief," among other requirements.[9]

However, "a pleading that offers 'labels and conclusions' or a formulaic recitation of the elements

of a cause of action will not do.'"[10]

Under *Rule 12(b)(6), Fed. R. Civ. P.,* a complaint must be dismissed "if the facts as plead

do not state a claim for relief that is plausible on its fact."[11]   In considering a motion to dismiss,

a court accepts all well-plead allegations as true and construes the allegations in the light most

favorable to the non-moving party.[12]   However, a court need not accept as true conclusory

allegations or "unfounded deductions of fact."[13]  Rather, a plaintiff's allegations of fact must be

sufficient to raise a right to relief beyond a speculative level.[14]  Accordingly, naked assertion[s]

devoid of "further factual enhancement" will not suffice to state a claim.[15]

Thus, if the complaint does not contain well plead allegations that "plausibly give rise to

an entitlement of relief," as in the case at bar, the action must be dismissed.[16]

---

[9]*Ashcroft v. Iqbal,* 556 U.S. 662, 677-8, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

[10]*Iqbal at 678.   Citing, Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[11]*Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260-1261 (11th Cir. 2009).

[12]*Id.*

[13]*Id.*

[14]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[15]*See, Iqbal, 556 U.S. 678; Quoting, Bell Atlantic Corp.* 550 U.S. at 557.

[16]*See, Iqbal at 555 U.S. 679.*

**B.** *Federal Court Sitting in Diversity Applies Florida Choice of Law Rules*

"Sitting in diversity jurisdiction, this Court applies Florida choice of law rules."[17] As such, Defendant, Murali Jasty relies on case law from the Fifth District Court of Appeal as well as federal cases.

**C.** *Federal Court Jurisdiction is Limited*

Federal courts are courts with limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding."[18]

**I.** *Plaintiff Fails to State a Claim for Civil Extortion (Under California Law)*

Count I of Plaintiff, Ananth Jasty, amended complaint can not establish a legally cognizable civil extortion claim under California law. Paragraph 151 of the amended complaint states, in part, California recognizes a cause of action for civil extortion for the recovery of money obtained through a wrongful act.[19]

However, the fact pattern articulated in the amended complaint suggests a demand letter forwarded by Robert Elton, Esquire, is the source of the alleged civil extortion. The fact pattern completely omits any inference suggesting Murali Jasty actually obtained money from Ananth Jasty as result of the demand letter. As such, there exists no legally cognizable claim for civil extortion.

---

[17]*Reliastar Life Ins. Co. v. Kiel*, 2010 WL 11507705 (Fla. M.D. June 29, 2010) [not reported in Fed. Supp.]; *Citing, U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp*, 550 F.3d 1031, 1033 (11th Cir. 2008) (per curiam).

[18]*Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279-1280 (11th Cir. 2001).

[19]Document #20, p. 26, ¶ 151.

Ananth Jasty's complaint opts to criticize with unsubstantiated allegations of poor professional behavior by both Murali Jasty and Attorney Robert Elton. Murali Jasty respectfully requests this Court dismiss Count I of Plaintiff, Ananth Jasty's First Amended Complaint with prejudice.

## II. *Plaintiff Fails to Establish a Claim for Trespass to Chattel (Under California Law)*

Count II of Plaintiff, Ananth Jasty's amended complaint involves a claim for Trespass to Chattel. His sketchy argument appears to be limited to monies in Vanguard Accounts owned by Venkatanarayana Jasty. As noted in his amended complaint, these Vanguard Accounts were part of an estate plan. As such, Ananth Jasty fails to establish any ownership of the monies at the time of the alleged trespass to chattel.

Further, Ananth Jasty fails to cite to any specific provision of California law establishing a claim for trespass to chattel.

Legal rights to any portion of Venkatanarayana Jasty's estate are appropriate for a probate court. Ananth Jasty does not set forth any case law or statutory law which divests probate matters to this Court. "Federal courts are courts of limited jurisdiction."[20]

Again, if Ananth Jasty demands portions of Venkatanarayana Jasty's estate, he should address these matters in probate court. Murali Jasty respectfully requests this Court dismiss Count II of Plaintiff, Ananth Jasty's amended complaint with prejudice.

---

[20]*Champlin v. Corrections Corp. of America, Inc.*, 2008 WL 2686189 *4 (M.D. Fla. 2008); [not reported in F.Supp.2d]; *Citing, Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. *Plaintiff Fails to Establish a Claim for Conversion (Under California Law)*

Plaintiff, Ananth Jasty, now attempts to allege a claim for conversion under California law without citing to any statute. The Vanguard accounts which are the subject of Ananth Jasty's conversion claim were owned by Venkatanarayana Jasty.

Under California law, the elements of conversion of money include:

    (1)    the plaintiff had ownership or right to the property at the time it was converted;

    (2)    the defendant wrongfully took the property or interfered with the owner's ability to use it;

    (3)    without the plaintiff's consent; and

    (4)    the plaintiff suffered damages as a result.[21]

At the time of the alleged conversion, Venkatanarayana Jasty owned the Vanguard accounts as such, Ananth Jasty did not have possessory rights at the time of any transfer Ananth Jasty's claim for conversion fails.

As Venkatanarayana Jasty passed away, the proper forum for any allegation of conversion of estate assets is probate court. Again, if Ananth Jasty demands accounting of Venkatanarayana Jasty's estate, he should address these matters in probate court.

Murali Jasty respectfully requests this Court dismiss Count III of Plaintiff, Ananth Jasty's amended complaint with prejudice.

---

[21]Aronson v. Bank of America Nat. Trust & Savings Ass'n, 9 Cal. 2d 640, 645, 72 P.2d 548 (1937).

**IV.** *Plaintiff Fails to Establish Standing to be Entitled to an Accounting of All Assets*

Plaintiff, Ananth Jasty's amended complaint fails to establish standing to demand an accounting for all property he [Murali Jasty] illegally obtained prior to Venkatanarayana Jasty's death.

Again, if Ananth Jasty demands accounting of Venkatanarayana Jasty's estate, he should address these matters in probate court. Murali Jasty respectfully requests this Court dismiss Count III of Plaintiff, Ananth Jasty's Complaint with prejudice.

**V.** *Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress*

Plaintiff, Ananth Jasty's complaint fails to articulate facts constituting a claim for negligent infliction of emotional distress as said allegation can not be made in good faith. "the elements of negligent infliction of emotional distress are: '(1) the plaintiff must suffer a discernable physical injury; (2) the physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person.'"[22]

Plaintiff, Ananth Jasty's Complaint does not allege each element of a claim for negligent infliction of emotional distress, nor can he. Initially, Ananth Jasty does not allege a discernable physical injury, just "…physical distress in his bowels, stomach cramps, and other physical maladies."[23] Additionally, "if there is no physical impact to the plaintiff, 'the complained-of-

---

[22]*Kendron v. SCI Funeral Services of Florida, LLC*, 230 So.3d 636 (Fla. 5th DCA 2017); *Quoting, LeGrande v. Emmanuel*, 889 So.2d 991, 995 (Fla. 3rd DCA); *citing, Zell v. Meek*, 665 So.2d 1048, 1052 (Fla. 1995).

[23]*See*, Document 20, p. 32, ¶ 203.

mental distress must be 'manifested by physical injury' the plaintiff must be 'involved' in the incident seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffered the complained-of mental distress and accompanying physical impairment 'within a short time' of the incident."[24]

The allegations set forth by the plaintiff fail to establish a claim for negligent infliction of emotional distress, indeed, he does not allege being involved in the incident of his grandfather's passing nor was his mental distress manifested by a physical injury. Murali Jasty respectfully requests this Court dismiss Count V of Plaintiff, Ananth Jasty's amended complaint with prejudice.

**VI.** *Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress*

Plaintiff, Ananth Jasty's amended complaint fails to articulate facts constituting a claim for intentional infliction of emotional distress as said allegation can not be made in good faith. Ananth Jasty alleges Defendant, Murali Jasty, caused his grandfather's death causing him "...to experience emotional distress, shock, anxiety all, [sic] of which caused physical distress in his bowels, stomach cramps and other physical maladies.[25] To state a claim for intentional infliction of emotional distress a plaintiff must allege: "...(1) the wrongdoer's conduct was intentional or reckless, i.e., he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, i.e., beyond all bounds of decency, atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional

---

[24] *SCI Funeral Services of Florida, LLC at 638; quoting, Eagle-Pincher Indus. Inc. v. Cox*, 481 So.2d 517, 526 (Fla. 3rd DCA 1985); *accord Zell at 1052.*

[25] *See*, Document 20, p. 35, ¶ 213.

distress; and (4) the emotional distress was severe."[26]

Plaintiff, Ananth Jasty's amended complaint does not allege each element of a claim for intentional infliction of emotional distress, nor can he. The intentional behavior alleged in the complaint involves the intentional hastening of Venkatanarayana Jasty's death, which constituted outrageous and atrocious conduct. These allegations to not meet the elements of a claim for intentional infliction of emotional distress. To the contrary, the alleged intentional action taken by Muralis Jasty was against Venkatanarayana Jasty, not Ananth Jasty.

In this case, the plaintiff alleges a hastening of the death of his grandfather as grounds of his intentional infliction of emotional distress claim. His emotional distress was not, in fact, severe, nor does he in good faith allege it was.

Further, "We have previously held that the tort of intentional infliction of emotional distress is not created by a person who does no more than pursue his legal rights in a permissible way, even if he knows his conduct will cause emotional distress to the plaintiff."[27]

With respect to the demand letter which the plaintiff alleges "negligently" caused his emotional distress, the law of this jurisdiction simply does not permit a cause of action for intentional infliction of emotional distress Murali Jasty pursued his legal rights even if he *knew* it would cause Ananth Jasty emotional distress.

Murali Jasty respectfully requests this Court dismiss Count VI of Plaintiff, Ananth Jasty's

---

[26]*State Farm Mut. Auto Ins. Co. v. Novotny*, 657 So.2d 1210, 1212 (Fla. 5th DCA 1995); *Citing, Williams v. City of Minneola*, 619 So.2d 983, 986 (Fla. 5th DCA 1993).

[27]*State Farm Mut. Auto. Ins. Co at 1212; Citing, Food Lion, Inc. v. Clifford*, 629 So. 2d 201 (Fla. 5th DCA 1993), *Southland Corp. v. Bartsch.*, 522 So.2d 1053 (Fla. 5th DCA 1998.

amended complaint with prejudice.

**VII.** *Federal Court does not have Jurisdiction to Invalidate a lawful Power of Attorney*

Count VII of Plaintiff, Ananth Jasty's amended complaint requests this Court declare the

power of attorney executed by Venkatanarayana Jasty invalid.  Plaintiff appears to cite to *28*

*U.S.C. §§ 2201 and 2202* as well as *Rule 57, Federal Rules of Civil Procedure* as granting this

Court jurisdiction to invalidate the subject power of attorney.

*28 U.S.C. § 2201* permits a federal court jurisdiction:

(a) In a case of actual controversy within its jurisdiction, except with respect to
Federal taxes other than actions brought under section 7428 of the Internal Revenue
Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil
action involving an antidumping or countervailing duty proceeding regarding a
class or kind of merchandise of a free trade area country (as defined in section
516A(f)(10) of the Tariff Act of 1930), as determined by the administering
authority, any court of the United States, upon the filing of an appropriate
pleading, may declare the rights and other legal relations of any interested party
seeking such declaration, whether or not further relief is or could be sought. Any
such declaration shall have the force and effect of a final judgment or decree and
shall be reviewable as such.

(b) For limitations on actions brought with respect to drug patents see section 505
or 512 of the Federal Food, Drug, and Cosmetic Act, or section 351 of the Public
Health Service Act.[28]

The subject matter of plaintiff's complaint does not fall within the jurisdiction of this Court

to declare the power of attorney invalid.  Murali Jasty respectfully requests this Court dismiss

Count VIIof Plaintiff, Ananth Jasty's amended complaint with prejudice.

**VIII.** *Plaintiff does not Allege a Cause of Action to Allow an Injunction*

Count VIII of Plaintiff, Ananth Jasty's amended complaint requests this Court issue an

---

[28]*28 U.S.C. 2201.*

injunction preventing Murali Jasty, the designated personal representative and caretaker of Venkatanarayana Jasty from exercising any control over his assets. Plaintiff fails to cite to any federal or state law permitting granting this Court such authority. Also, plaintiff bases his injunction request on speculation or "fear" Murali Jasty will hide assets.[29] This speculation does not entitle him to the requested relief.

The subject matter of Count VIII should be dealt with in probate court.

Murali Jasty respectfully requests this Court dismiss Count VI of Plaintiff, Ananth Jasty's amended complaint with prejudice.

### Conclusion

Based on the legal arguments with supporting case law, Defendant, Murali Jasty, respectfully requests this Honorable Court enter an Order dismissing Plaintiff, Ananth Jasty's First Amended Complaint *with prejudice*.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed with the Clerk of Court by using the CM/ECF e-filing portal which will provide electronic service to: Jack I. Jmaev, Esquire and Jon Abramson, Esquire, Puritan Law, 500 North State College Boulevard, Suite 1100, Orange, California 92868 and Mr. Joel Ewusiak, Ewusiak Law, P.A., 6601 Memorial Highway, Suite 311, Tampa, Florida 33615, on this 15th day of November, 2019.


       */s/   Jason L. Harr*
       **JASON L. HARR**

---

[29] *See*, Document 1, p. 36, ¶ 229.

Florida Bar No.:  0194336
**THE HARR LAW FIRM**
The Harr Professional Center
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email:  jasonharr@harrlawfirm.com
lynnwilkins@harrlawfirm.com
miriamjuarez@harrlawfirm.com
Telephone:  (386) 226-4866
Telefax:  (386) 226-4886
**TRIAL COUNSEL FOR
DEFENDANT MURALI JASTY**